UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 4:91-cr-10021-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE ROMEU,
a.k.a. Joseito,

    Defendant.
_____/

**ORDER ON REMAND**

THIS CAUSE is before the Court on remand from the United States Court of Appeals for the Eleventh Circuit. On August 27, 2021, the Eleventh Circuit issued a mandate vacating this Court's Order Denying Motion for Compassionate Release (DE 1133) and remanding to district court to consider all applicable 18 U.S.C. § 3553(a) sentencing factors to allow for meaningful appellate review.[1] DE 1138; *United States v. Cook*, 998 F.3d 1180, 1183–84 (11th Cir. 2021) (holding that "when the Congress expressly requires consideration of § 3553(a) factors, a district court abuses its discretion if it fails to consider them.")[2]

On February 8, 2021, this Court entered its Order Denying Motion for Compassionate Release finding that "Defendant's health does not present 'extraordinary and compelling' factors" and "Defendant's medical problems are well-maintained in prison." DE 1133 at 3. However, as Defendant argues on appeal, and the government acknowledges in its motion for summary vacatur

---

[1] Additionally, the Eleventh Circuit indicates that this Court should also consider "whether Romeu's age was an extraordinary and compelling reason justifying compassionate release." DE 1138 at 4 n.1.
[2] The Court did not have the benefit of the *Cook* decision when it entered its Order on February 8, 2021 as *Cook* was decided May 27, 2021.

and remand to the district court, this Court did not consider the § 3553(a) factors. The Court finds that Defendant has failed to demonstrate that the § 3553(a) factors weigh in favor of his release for the reasons stated herein.

In his Motion for Compassionate Release, Defendant (serving life in prison) argues that the § 3553(a) factors support compassionate release. *See* DE 1124. Specifically, Defendant argues that he was a first-time offender, had no previous arrests, did not use violence, and had no direct involvement with firearms during his crimes. *Id*. at 18–19. Since his conviction, Defendant argues that he has been a model prisoner with no disciplinary history and has been rehabilitated after completing educational courses and working in prison. *Id*. Additionally, Defendant argues that while he was subject to a mandatory minimum sentence of life imprisonment at the time of his conviction, if sentenced today, Defendant would not face a mandatory life sentence. *Id*.

In its Response, the Government argues that Defendant has not demonstrated that the § 3553(a) factors weigh in favor of his release. *See* DE1128. Specifically arguing that after contemplating the consequences of a life in prison, the sentencing Court decided that Defendant's "life sentence was necessary to reflect the serious nature of the Defendant being a leader of an international drug organization for half a decade." *Id*. at 13. As to the argument of Defendant not facing a mandatory life sentence if convicted today, the Government responds that a motion for Compassionate Release is the wrong "avenue" to seek post-conviction relief, but rather should be raised in a motion pursuant to 28 U.S.C. § 2255. *Id*. at 17–18.

To grant a motion for compassionate release, a court must consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. . . ." U.S.S.G. § 1B1.13. The relevant sentencing factors are: (1) the nature of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to reflect the seriousness of the offense, to afford

adequate deterrence, to protect the public, and to protect the public from further crimes of the defendant, (3) the kinds of sentences available, (4) the sentencing range established in the Guidelines for the offense committed, (5) any pertinent policy statement issued by the Sentencing Commission, and (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

The nature of the offense and characteristics of Defendant strongly weighs against Defendant's release. A jury found Defendant guilty of conspiracy to distribute and to possess with intent to distribute controlled substances, specifically mixtures and substances containing marijuana and cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846; possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and attempt to possess with intent to distribute cocaine in violation of 21 U.S.C. 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2. *See* DEs 270, 665. Additionally, after this Court issued a warrant for Defendant's arrest on July 9, 1991 (DE 2), Defendant fled for over three years and was not found or arrested until September 13, 1994. *See* DE 565; DE 566. "Defendant was [also] 'identified as the organizer and leader of an organization which transported and distributed drugs' from approximately 1986 until approximately 1991." Resp. at 2 (citing the Pre-Sentence Investigative Report ("PSI") ¶ 36).

The need for the sentence imposed to reflect the seriousness of the offense strongly weighs against Defendant's release. In addition to Defendant's leadership role in his drug convictions and subsequent fleeing, Defendant's responsibility for massive amounts of drugs factors into the seriousness of his offenses and cut against compassionate release. Defendant was accountable for trafficking approximately 61,100 pounds (or 27,773 kilograms) of marijuana, and 3,700 kilograms

3

of cocaine. *See* Resp. at 1–2 (citing PSI ¶¶ 35, 47). Considering Defendant's history, conduct, and scale of drug offenses, the Court finds that continued incarceration is necessary for adequate deterrence, to protect the public, and to protect the public from further crimes of the Defendant.

Defendant was subject to a mandatory guideline sentence of life imprisonment based on a calculation of his offense level and criminal history category. PSI ¶ 79. This Court sentenced Defendant to four life sentences for each count Defendant was found guilty of to run concurrently, and Defendant's sentence was subsequently affirmed by the Eleventh Circuit. Appeal numbers 95-4232 and 95-5102; *See* Mandate, DE 796; Resp. at 3. The § 3553(a) factors require the sentencing Court to consider the kinds of sentences available and the sentencing range established in the guidelines for the offense committed. A life sentence is serious, but as it always has, this Court considered the consequences at sentencing and followed the mandatory minimum sentence. Therefore, § 3553(a) factors weigh against release.

Furthermore, compassionate release in this case is not consistent with the pertinent policy statement issued by the Sentencing Commission. The Sentencing Commission's relevant policy statements are contained in U.S.S.G. § 1B1.13 and allow for compassionate release for certain "extraordinary and compelling" factors. This Court has already held that Defendant's medical conditions do not rise to the level of "extraordinary and compelling reasons." DE 1133.

Under § 3553(a), the Court also considers avoiding unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. At the time, Defendant's life sentence would not have been disparate to others because he was subject to a mandatory minimum sentence, anyone in Defendant's category would have been sentenced to life imprisonment. Defendant argues that his sentence has now been deemed unconstitutional in light of *Booker*, and that if he were sentenced today, he would not receive a life sentence. Mot. at 19–

4

21; *See United States v. Booker*, 543 U.S. 220 (2005). The Government responds that "[h]aving a life sentence imposed before *Booker* is not one of the circumstances listed in the U.S. Sentencing Guide § 1B1.13 cmt. n. 1. . . ." Resp. at 17. It is true other courts in the Southern District of Florida have granted compassionate release to defendants serving a life sentence for drug related offenses. *See, e.g., United States v. Sanchez*, No. 95-00421-CR-COOKE, 2020 U.S. Dist. LEXIS 117590 at *2 (S.D. Fla. Apr. 27, 2020); *United States v. Dominguez*, Case No. 93-cr-00401-GRAHAM (S.D. Fla. September 22, 2020); *United States v. Hope*, No. 90-cr-06108-WILLIAMS-2, 2020 WL 2477523 (S.D. Fla. Apr. 10, 2020). Those defendants had serious medical conditions that rose to the level of being "extraordinary and compelling." *Id*. Here, this Court has already found that Defendant's health does not reach the "extraordinary and compelling" threshold outlined in the sentencing guidelines. At the time Defendant was sentenced, all similar defendants with similar records who have been found guilty of similar conduct did or should have been sentenced to life imprisonment. Therefore, no disparities exist in this case, and the § 3553(a) sentencing factors militate against sentence reduction.

      Furthermore, Defendant remains a danger to the community. While Defendant argues he was a first-time offender and his rehabilitation shows he is not a danger to the safety of any other person or to the community, the Court finds these reasons alone do not prove he is not a danger. For the same reasons in considering the nature of the offense, history, and characteristics of the Defendant, along with all the real and potential damage Defendant cause with trafficking massive amounts of drugs, Defendant is a danger to the community.

      As to Defendant's argument that based on his age, contracting the COVID-19 virus could be lethal, the Court is not convinced this warrants compassionate release. *See* Mot. The comments to the Guidelines state that extraordinary and compelling reasons may be found if the defendant is

at least 65 years old, experiencing a serious deterioration in physical or mental health because of the aging process, and has either served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less. U.S.S.G. § 1B1.13 cmt. n. 1(B). At the time Defendant made his motion, he was almost 68. Mot. at 9. However, Defendant is not suffering from serious deterioration in health, does not have a serious medical condition, and compared to the undersigned, Defendant is still a young man.

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that Defendant has **NOT SHOWN** the 18 U.S.C. § 3553(a) factors warrant compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). It is **FURTHER ORDERED** that The Clerk is **DIRECTED** to send a copy of this Opinion and Order to the Clerk's Office of the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 15th day of September, 2021.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record
      Clerk of Court